IN RE: LISTERINE TOTAL CARE MOUTHWASH MARKETING AND SALES PRACTICES LITIGATION.

MDL No. 2210.

United States Judicial Panel
on
Multidistrict Litigation.

Feb. 9, 2011.

Before DAVID R. HANSEN, Acting Chairman, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, and PAUL J. BARBADORO, Judges of the Panel.

## TRANSFER ORDER

DAVID R. HANSEN, Acting Chairman.

**Before the Panel:** * Plaintiff in the action pending in the Southern District of Florida (*Pelkey*) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Florida. Defendants [1] support the motion. Plaintiff in the District of New Jersey *Evoy* action agrees that centralization is appropriate and supports centralization in any court in which a related action is pending. Plaintiff in the Northern District of California action (*Britton*) suggests centralization in the Northern District of California. Plain-

---

* Judges John G. Heyburn II and Kathryn H. Vratil took no part in the decision of this matter.

**1.** McNeil–PPC, Inc., Johnson & Johnson, Johnson & Johnson Healthcare Products Divi-

sion of McNeil–PPC, Inc., McNeil Consumer Healthcare, and Johnson & Johnson Consumer Products, Inc.

tiff in a potential tag-along action supports centralization in the Southern District of Florida or the District of New Jersey.

This litigation currently consists of four actions listed on Schedule A and pending in three districts, two actions in the District of New Jersey and one action each in the Northern District of California and the Southern District of Florida.[2]

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that defendants' representations regarding Listerine Total Care Anti-cavity Mouthwash (Total Care) were misleading insofar as they claimed that Total Care fights plaque above the gum line and prevents cavities. All responding parties agree that centralization is appropriate. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

■ Any of the three districts in which a constituent action is pending would be a suitable transferee district. All actions were filed within a few weeks of each other and none are particularly advanced. After considering all factors, the Panel has decided to order centralization in the Southern District of Florida. Defendants and some plaintiffs support centralization in the Southern District of Florida, and this district is presiding over fewer MDL dockets than other proposed districts. Judge

William P. Dimitrouleas is well-qualified to steer this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable William P. Dimitrouleas for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 2210 — **IN RE: LISTERINE TOTAL CARE MOUTHWASH MARKETING AND SALES PRACTICES LITIGATION**

*Northern District of California*

*Charlene A. Britton v. Johnson & Johnson,* et al., C.A. No. 3:10–04450

*Southern District of Florida*

*Nikki Pelkey v. McNeil Consumer Healthcare,* C.A. No. 0:10–61853

*District of New Jersey*

*David Evoy v. Johnson & Johnson Healthcare Products Division of McNeil–PPC, Inc.,* C.A. No. 2:10–05252

*Scott J. Duca v. Johnson & Johnson,* et al., C.A. No. 3:10–05292

---

2. The parties have notified the Panel that three additional related actions are pending, one action each in the Central District of California, the Northern District of California, and the District of New Hampshire. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.